[Civ. No. 3362. First Appellate District, Division Two.—May 11, 1920.]

## FREDERICK A. SCHMIDT, Appellant, v. HENRY PURSELL et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—GENERAL ORDERS OF COMMISSION—EVIDENCE—JUDICIAL NOTICE.—Courts cannot take judicial notice of a general order of the Industrial Accident Commission.

[2] ID.—FAILURE TO COMPLY WITH ORDERS—WANT OF NOTICE—NEGLIGENCE.—Failure of an employer to comply with some general order of the Industrial Accident Commission of which he had no notice would not constitute gross negligence.

[3] ID.—REASONABLENESS OF ORDERS — PRESUMPTION — WHEN APPLICABLE.—The conclusive presumption, prescribed by section 66 of the Workmen's Compensation, Insurance and Safety Act, that every order of the commission is reasonable and fixes reasonable and proper standards and requirements for safety, does not apply to an action for damages instituted by an employee under section 12 (b) of the act.

[4] ID.—WHEN ORDERS EFFECTIVE.—Under section 59 of the Workmen's Compensation, Insurance and Safety Act, orders of the commission do not become effective until served upon the employer.

[5] ID.—ACTION FOR DAMAGES—REASONABLENESS OF ORDERS—ISSUE OF NEGLIGENCE—PROPER FINDINGS.—In an action for damages instituted by an employee against the employer under section 12(b) of the Workmen's Compensation, Insurance and Safety Act, the reasonableness of the orders of the commission (the violation of which plaintiff relied on to prove gross negligence on the part of the defendant), having been directly put in issue by the allegations of the complaint, and the court having found in effect that such orders were unreasonable, a finding upon the issue of gross negligence and willful disregard of the safety of the employee is proper.

[6] ID.—WAIVER OF COMPENSATION UNDER ACT—GROSS NEGLIGENCE—BURDEN OF PROOF.—In such an action, the plaintiff having waived his right to compensation afforded him by the act and chosen to proceed in such action at law for damages, it is incumbent upon him · to prove that the injury resulted both from the gross negligence (or willful misconduct) of the defendant and from the willful disregard of the life, limb, or bodily safety of plaintiff.

6. Right to, and effect of, election with respect to acceptance of provisions of Workmen's Compensation Act, notes, **Ann. Cas.** 1915C, 308; **Ann. Cas.** Cas. 1918A, 700; **Ann. Cas.** 1918B, 715.

[7] ID.—WILLFUL DISREGARD OF SAFETY OF EMPLOYEE — WHAT CON-
STITUTES.—To willfully disregard the safety of an employee is to
intentionally do or fail to do something which contributes to the
injury, having actual knowledge of the perils incident thereto, or
having what in law is equivalent to such actual knowledge.

APPEAL from a judgment of the Superior Court of Los
Angeles County.  L. H. Valentine, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Warren L. Williams for Appellant.

Duke Stone for Respondents.

NOURSE, J.—Plaintiff appeals from a judgment in favor
of defendants in an action for damages for personal injuries
sustained by plaintiff while in the employ of the defendants.
Plaintiff chose to avail himself of section 12 (b) of the Work-
men's Compensation, Insurance and Safety Act, as amended
in 1915 (Stats. 1915, p. 1081), and effective at the time of
the injury and waived compensation under the act.  Sec-
tion 12 then provided that, when conditions of compensa-
tion existed, the right to recover pursuant to the provisions
of the act should be the exclusive remedy against the em-
ployer "except that when the injury was caused by the
employer's gross negligence or willful misconduct and such
act or failure to act causing such injury . . . indicated a
willful disregard of the life, limb or bodily safety of em-
ployees, any such injured employee may, at his option,
either claim compensation under this act or maintain an
action at law for damages."  The complaint alleged that
the accident was the result of the gross negligence of the
defendants in failing to properly equip a jointer machine
upon which plaintiff was employed with the necessary safety
appliances, and also that it was the result of the willful dis-
regard of the life, limb, and bodily safety of the plaintiff
on the part of said defendants in refusing and neglecting
to equip said machine with such safety appliances.  It was
also alleged that the cylinder head and guard was a neces-
sary equipment and part of said machine to prevent the
operator thereof from coming in contact with the knife
and mangle.  These allegations were all denied by the an-

swer, and the court found that the defendants were not guilty of gross negligence nor of a willful disregard of the life, limb, or bodily safety of the plaintiff in refusing to equip said machine with such safety appliances, and also that such safety appliances were not at the time a necessary equipment to prevent the operator thereof from coming in contact with the knife or mangle of the machine. It was also found, in accordance with the allegations of the answer, that plaintiff was thoroughly familiar with the workings and the danger incident to the use of the machine. The appeal is confined solely to an attack upon that portion of the findings which negative gross negligence on the part of the defendants.

The facts material to the opinion are that plaintiff had been in the employ of defendants for some five months prior to the accident and had become thoroughly familiar with the machine upon which he received the injury. He was an experienced operator and had worked for many years on machines of this nature, some of which had guards or safety devices, others had not. On July 20, 1917, five days prior to the date of the injury, an employee of the Industrial Accident Commission notified defendants that the machine should be equipped with a safety device, and acting upon such notice the defendants placed an order for such equipment, which, however, had not been received at the time of the injury. In this connection one of the defendants testified that they had not been notified prior to the 20th of July to equip the machine with a safety device and that it was impossible to obtain one within the five days.

The theory of appellant is, that the failure of respondents to comply with the general order of the Industrial Accident Commission relating to the equipment of similar machines with safety devices, after having been personally instructed so to do in this instance by one of the employees of the commission, constitutes gross negligence entitling appellant to recover in this case. The argument in this connection is based upon a misunderstanding of the record, in that the record fails to disclose that any general order of the Industrial Accident Commission was offered or received in evidence. [1] In the briefs it is argued that a certain general order of the commission required the equipment of similar machines with cylindrical cutter heads, but this

order was not offered in evidence and, though it may have been referred to in argument before the trial judge, it is not such a matter as can be given judicial notice. Thus the argument of appellant resolves itself into this, that the failure of defendants to equip the machine with safety devices immediately upon the direction of the employee of the Industrial Accident Commission constitutes gross negligence on their part. In his opening brief it is said: ''We would not be understood as insinuating that violation of the statute in itself constituted 'gross negligence.' That is not our position here.''

[2] If the violation of a statute in itself does not constitute gross negligence (and there is respectable authority to that effect, though in reserving decision upon that point in an order denying a hearing after judgment in the district court of appeal of the second district in *Helme* v. *Great Western Milling Co.*, 43 Cal. App. 416, [185 Pac. 510], our supreme court has cast some doubt upon the extent of the rule in this state), surely the failure to comply with some general safety order of the Industrial Accident Commission of which the employer may have had no notice would not constitute gross negligence. [3] Section 66 of the act, [Stats. 1913, p. 309], as in effect at the time of the injury, provided that every order of the commission should be admissible as evidence in any prosecution for the violation of certain provisions of the act, and that in every such prosecution they should be conclusively presumed to be reasonable and to fix reasonable and proper standards and requirements for safety. But by this section the orders are conclusively presumed to be reasonable only in prosecutions for violations of the act. The presumption does not apply to an action for damages instituted by an employee under section 12 (b). [4] Furthermore, these orders do not become effective until served upon the employer. (Sec. 59.) The record discloses that no service was made of any order upon defendants other than the oral instruction given to them by an employee of the Industrial Accident Commission on July 20th. [5] As to this instruction it does not appear what time was given the employers to comply, and the reasonableness of the order having been directly put in issue by the allegations of the complaint of the necessity of equipping the machine with a

certain safety device, and the court having found that such was not necessary, it must follow that the finding of the court upon the issue of gross negligence and willful disregard of the safety of the employee was proper and that any other finding under the circumstances would have had no support in the evidence.

[6] Furthermore, appellant having waived his right to compensation afforded him by the Workmen's Compensation, Insurance and Safety Act and chosen to proceed in this action at law for damages, it was incumbent upon him to prove that the injury resulted both from the gross negligence (or willful misconduct) of respondents *and* from the willful disregard of the life, limb, or bodily safety of appellant. [7] The willful disregard of the safety of an employee means something more than mere negligence or carelessness. To willfully disregard the safety of an employee is to intentionally do or fail to do something which contributes to the injury, having actual knowledge of the perils incident thereto, or having what in law is equivalent to such actual knowledge. The trial court found that respondents did not know that the machine was dangerous to operate without a safety device, and this finding is not attacked. Such being the case, the willful disregard of life, limb, or bodily safety, which is a necessary element to recovery in an action of this nature, was not shown.

The judgment is affirmed.

Brittain, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 8, 1920.

All the Justices concurred, except Wilbur, J., and Lennon, J., who were absent.