[L. A. No. 17063. In Bank.—April 28, 1939.]

EARLE M. HATHEWAY, Petitioner, v. INDUSTRIAL
 ACCIDENT COMMISSION and JACK HODGKIN-
 SON, Respondents.

Webster Hazlehurst for Petitioner.

Everett A. Corten and Eldon B. Spofford for Respondent.

THE COURT.—This case presents but one question: Does the finding of respondent commission that the industrial, compensable injury sustained by Jack Hodgkinson was caused by the serious and wilful misconduct of the employer, petitioner Earle M. Hatheway, find any substantial support in the record?

The record discloses that the injury was received by Hodgkinson on July 28, 1937, at petitioner's garage, where the injured employee had been working as a mechanic for a period of five or six months prior to the accident; that at this garage some twenty-five or thirty persons were employed; that located entirely within the main garage building was a paint shop with a flat roof; that in this flat roof was a glass skylight about 3 feet square; that petitioner Hatheway used the roof of this paint shop to store and display automobile tires; that employees of the petitioner were occasionally required to go to the roof to secure tires; that a stairway led to this roof; that there was no guard rail around the roof nor was there any warning of any kind to inform employees of the presence of the skylight; that about 10 days before the accident the foreman of the garage discovered that one pane of the

skylight was broken and was hanging down into the paint shop; that he taped the broken pane and immediately informed his employer, petitioner, of the broken glass, and of the dangerous condition that was thus created. Both Hatheway and the foreman testified that they took no steps to inform the employees of the dangerous condition. No warning was posted, nor were any temporary means taken to protect the skylight. Hatheway testified that upon being informed of the dangerous condition he telephoned the Smith Construction Company and ordered the skylight boarded up, but that this was not done until two days after the accident.

Hodgkinson, the injured employee, testified that he had worked in the garage for five or six months prior to the accident; that his duties had taken him inside the paint shop on but one or two occasions; that he did not then, or at any other time prior to the accident, observe or know of the existence of the skylight; that he had been on the roof of the paint shop but once before; that no one had told or warned him about the skylight; that on the day in question he was ordered to go on the roof to get two tires; that he proceeded to the roof and had to search for the tires; that he was on the roof about five minutes; that he stepped on the glass skylight and fell through it to the cement floor below; that his skull was fractured and his wrist broken; that the skylight was so covered with dust and paper that it appeared no different from the surrounding roof; that he had not known of the skylight nor had he heard it discussed. The foreman testified that he knew some of the employees were required to go to the roof, and that the skylight was dusty and covered with tire wrappings.

Hodgkinson was so severely injured that at the time of the hearing—August, 1938—he had been unable to return to work.

On this testimony the commission awarded normal compensation to the employee against the insurance carrier, and, in addition, found the employer guilty of serious and wilful misconduct, and made its additional award against him personally as provided by section 4553 of the Labor Code. No question is raised concerning the award of normal compensation, but the employer contends that the additional award against him personally, based on his alleged serious and

wilful misconduct, as a matter of law, was not justified by the evidence.

What constitutes serious and wilful misconduct within the meaning of the Workmen's Compensation Act so as to entitle the employee to an increased award as therein provided, has frequently been discussed by the courts. The definition of what constitutes such conduct set forth by this court in *E. Clemens Horst Co.* v. *Industrial Acc. Com.*, 184 Cal. 180 [193 Pac. 105, 16 A. L. R. 611], has frequently been cited and relied upon by the courts. It was there stated (p. 188):

"The first question presented is, then, Was the commission justified in finding that the petitioner was guilty of 'serious misconduct'? There is no statutory definition of this term. In this connection we may again quote from Beven, page 401: 'To constitute "serious misconduct" it is probable that the legislature intended to signify conduct that an average workman in being guilty of, either would know, or ought to know, if he turned his mind to consider the matter, to be conduct likely to jeopardize his own and his fellow-workman's safety.' In our opinion the serious misconduct of an employer under our statute may be similarly defined. There should be no difference in principle between the degree of care required of an employer and that exacted from an employee. 'Serious misconduct' of an employer must, therefore, be taken to mean conduct which the employer either knew, or ought to have known, if he had turned his mind to the matter, to be conduct likely to jeopardize the safety of his employees. . . .

"Next, as to whether such serious misconduct was 'wilful'. It has frequently been said that wilful misconduct involves the *knowledge* of the person that the thing which he is doing is wrong. (*Lewis* v. *Great Western Ry. Co.*, L. R. 3 Q. B. Div. 195; *In re Burns*, 218 Mass. 8 [Ann. Cas. 1916A, 787, 105 N. E. 601]; *Riley* v. *Standard Acc. Ins. Co.*, 227 Mass. 55 [116 N. E. 259]; *Beckles' Case*, 230 Mass. 272 [119 N. E. 653].) Conceding that knowledge is required, it seems to us that in order to prove the requisite knowledge, it is not necessary for the evidence to show positively that the person was notified of the unsafe condition of his premises, but that it is sufficient if it appears that the circumstances surrounding the act of commission or omission are such as

'evince a reckless disregard for the safety of others and a willingness to inflict the injury complained of.' ''

The cases are quite uniform to the effect that permitting employees to work under dangerous conditions which are capable of being guarded against, constitutes such a reckless disregard for the safety of the employees that the commission's finding that such conduct is serious and wilful will not be disturbed. The mere fact the employer did not believe the condition was dangerous does not relieve him from liability. Thus in *Blue Diamond Co.* v. *Industrial Acc. Com.,* 188 Cal. 403, 409 [205 Pac. 678], the employee was killed as a result of the failure of the employer to place guards on machinery. The managing agents of the employer testified that they knew of the condition, but stated that they did not consider the condition unsafe. ''Their mistake in judgment upon that subject cannot be held to relieve their employer from liability.'' An award based on serious and wilful misconduct was affirmed. In *Hoffman* v. *Department of Industrial Relations,* 209 Cal. 383 [287 Pac. 974, 68 A. L. R. 294], it was held that where the employer violated the terms of a statute providing for a specified type of temporary flooring and its method of construction to be used when erecting a building, he was guilty of serious and wilful misconduct, even though the employer was ignorant of the provisions of the statute. In *Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.,* 209 Cal. 412 [288 Pac. 66], the employee was injured by an unguarded saw. The employer was held guilty of serious and wilful misconduct although the saw had been in operation but a week, and the employer testified that he intended to place a guard thereon. In *Gordon* v. *Industrial Acc. Com.,* 199 Cal. 420 [249 Pac. 849, 58 A. L. R. 1374], the employee was killed in a cave-in of a gravel pit. It was held that compelling an employee to work in a dangerous spot, without taking protective measures, where the employer knows or should have known of the danger is serious and wilful misconduct. In holding an employer guilty of serious and wilful misconduct under somewhat similar circumstances the appellate court in *Johannsen* v. *Industrial Acc. Com.,* 113 Cal. App. 162, 166 [298 Pac. 99], stated: ''Had he (the employer) turned his mind to a consideration of the subject he must have known that a person working in the trench was in jeopardy, which danger could readily have been obviated by the necessary bracing.''

■ In considering the evidence, it must be kept in mind that the question of wilful misconduct is essentially a question of fact, and that on this petition it is our duty to indulge in all reasonable inferences to support the award. As was stated in *Ethel D. Co.* v. *Industrial Acc. Com.*, 219 Cal. 699, 704 [28 Pac. (2d) 919]: "At all events, the question of whether, under the circumstances, the employer should have known that the failure to provide more secure and more readily accessible handholds would be so likely to jeopardize the safety of employees as to evince a reckless disregard for their safety and a willingness to inflict injury, was a question of fact to be determined by the referee to whom the evidence in the case was submitted." (See, also, *Jackie Coogan Productions* v. *Industrial Acc. Com.*, 21 Cal. App. (2d) 225 [68 Pac. (2d) 750].)

■ It is apparent that under the rules laid down in the cases above referred to, the commission was amply justified in the instant case in finding the employer guilty of serious and wilful misconduct. Under these cases, and many others that could be cited, the employer is under a duty to supply his employees a reasonably safe place in which to work, and when he knows or should have known of a dangerous condition and fails to take reasonable precautions, the commission properly may find him guilty of serious and wilful misconduct. ■ The following facts and circumstances support the finding of the commission:

1. A dangerous condition practically constituting a trap existed on the premises in a place where employees in the performance of their duties were required to go;

2. The dangerous condition was brought to the attention of the employer and he acknowledged and recognized its existence;

3. After being informed of the dangerous condition neither the employer nor his foreman took any steps to warn the employees, either by telling them of the condition, or by posting warnings. It should be mentioned that the dangerous condition could easily have been temporarily obviated by simply placing boards across the skylight, but this obvious precaution was not taken;

4. The employee had no knowledge of the dangerous condition.

Under these circumstances the commission was amply justified in finding that the employer knowingly acted in reck-

less disregard of the safety of his employees. To escape this obvious conclusion, the employer urges that as soon as the dangerous condition was called to his attention he telephoned to the contractor and ordered him to board over the skylight. It is true that he so testified, but this one factor, even if the testimony were believed by the commission, would not, as a matter of law, relieve the employer from the charge of serious and wilful misconduct. This was but one factor that the commission, as the trier of the fact, was entitled to weigh in ascertaining whether the charge was well founded. Whether this was a sufficient precaution, under all the circumstances, was solely for the commission to decide. As against this one factor the commission was entitled to and apparently did weigh the facts that the skylight, located as it was, constituted a trap; that the employer should have known this upon merely seeing it even before it was cracked; that even after he had been informed of the condition and recognized its danger he took no temporary precautions to protect his employees while waiting for the contractor to board up the skylight. These factors serve to distinguish the case from *Schmidt* v. *Pursell*, 47 Cal. App. 440 [190 Pac. 846], so heavily relied upon by petitioner. That case was not a compensation case at all. The employee, after receiving an industrial injury, brought an action against his employer in the regular law courts, as he was then permitted to do, alleging gross negligence and wilful misconduct on the part of his employer as required by the then existing law. To support the allegation he proved that the employer had failed to equip certain machinery with a safety device after being orally ordered to do so by the commission. The evidence showed that the employer had immediately ordered such a device, but that the accident happened before the device could possibly have been secured. The trial court found that the safety appliance in question was not necessary equipment and that the employee was fully aware of the dangers incident to the use of the machine. The appellate court in affirming the trial court held that the reasonableness of the violated safety order and the reasonableness of the compliance by the employer were questions of fact, and since they had been determined adversely to the employee on competent evidence, the appellate court was bound thereby. The case is clearly distinguishable from the situation presented in the instant case.

The other points raised by petitioner are so unsubstantial as not to require comment.

The award of the commission is affirmed.