[Civ. No. 11347. First Appellate District, Division One.—April 10, 1940.]

GUY F. ATKINSON COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and RUBY I. GRADY, Respondents.

R. P. Wisecarver for Petitioner.

Everett A. Corten and Eldon B. Spofford for Respondents.

WARD, J.—This is a petition for a writ of review to annul an award of death benefits, made by the Industrial Accident Commission and based on the serious and wilful misconduct of an employer.

Petitioner herein, Guy F. Atkinson, a corporation, was engaged in the construction of buildings on Treasure Island, including one housing the Alameda-Contra Costa Counties exhibit. Connecting this with the Mission Trails Building was a small one-story structure, and it was in the latter decedent sustained his injury, which was occasioned by falling through a space designed to be used as a skylight. The evidence shows that uneven boards protruding over this space had been in whole or in part trimmed. If trimmed, guard rails surrounding it should have been erected. It appears to be the practice, also, that if an opening is not to be covered for a day or two, such guard rails should be installed, irrespective of trimming. The testimony is slightly conflicting on this phase of the evidence, but it is sufficient to establish that the carpenter employed at this skylight opening immediately prior to the accident had stepped about ten feet away to talk to a fellow workman. During this short interval a state building-construction inspector, who happened to be on the building, called the foreman carpenter (decedent), who was on a lower floor, to come up and discuss a matter,—one not connected with the skylight. The foreman ascended through another opening and, while walking toward the inspector, fell through the space, receiving injuries which resulted in his death.

Prior to the present award, normal compensation benefits had been allowed in the sum of $5,000, plus funeral expenses, etc. On rehearing, without additional evidence touching the merits of the controversy, an additional sum equal to one-half the normal compensation was awarded,—this, upon the theory the employer was chargeable with serious and wilful misconduct.

The application for adjustment of claim described the deceased as a carpenter foreman. The original findings so declared, and in addition thereto stated that the injury was not caused by reason of the serious and wilful misconduct of the employer. The decision on rehearing, however, while adhering to the original finding as to the status of the claimant, declared that the injury was caused by the serious and wilful misconduct of the employer.

Labor Code, section 4553, provides in part: "The amount of compensation otherwise recoverable shall be increased one-half where the employee is injured by reason of the serious and wilful misconduct of any of the following: . . . (c) If

the employer is a corporation, on the part of an executive, managing officer, or general superintendent thereof.''

Fritz Fieldheim occupied the position of general carpenter foreman, and a Mr. Moore that of general superintendent. The carpenter foreman, the evidence shows, directs the men at work and uses his judgment relative to the construction of guard rails. Serious and wilful misconduct is a question of fact (*Ethel D. Co.* v. *Industrial Acc. Com.*, 219 Cal. 699 [28 Pac. (2d) 919]; *Hatheway* v. *Industrial Acc. Com.*, 13 Cal. (2d) 377 [90 Pac. (2d) 68]), but there is no evidence that any executive or managing officer or general superintendent knew or should have known that guard rails had not been installed, so that he could be charged with serious and wilful misconduct, unless it be claimed that the foreman carpenter (decedent), who directed the work of the men, was in fact such a superintendent as the statute contemplates. If this conclusion is correct, then the foreman employee, if injured, could cause the compensation to be increased by establishing his own misconduct as foreman employee. Where death results, the same principle applies.

Respondents rely upon section 4551 of the Labor Code, which provides: ''Where the injury is caused by the serious and wilful misconduct of the insured employee, the compensation otherwise recoverable therefor shall be reduced one-half, except: (a) Where the injury results in death.'' Placing the decedent in the category of an employee whose death ensues from an injury, we have before us no evidence which shows that any executive or managing officer or general superintendent knew or in the usual course of the work should have known of the danger and failed to take reasonable precaution to insure safety by erecting guard rails around the open space. In this respect, if any such duty existed, it rested upon decedent.

Some effort was made to show that decedent was not in fact the foreman, and that orders were given the workmen by others. On each award respondent commission, upon evidence, found decedent to have been the foreman, and we are therefore bound by the finding.

The additional award of $2,500 is annulled.

Peters, P. J., and Knight, J., concurred.