[Civ. No. 1958. First Appellate District.—October 18, 1916.]

PACIFIC COAST CASUALTY COMPANY (a Corporation), Petitioner, v. A. J. PILLSBURY et al., as Commissioners, etc., Respondents; MRS. J. CASSELL, Applicant.

WORKMEN'S COMPENSATION ACT—DEATH OF ERRAND BOY IN ELEVATOR ACCIDENT—DISREGARD OF INSTRUCTIONS—ANNULMENT OF AWARD.—An award of compensation made by the Industrial Accident Commission for the death of an errand boy, who met his death while endeavoring to ascend to the floor of the building upon which his employer had its place of business, by means of a freight elevator operated by himself, is beyond the jurisdiction of the commission, where the undisputed evidence shows that the deceased had been

expressly warned not to ride in, or attempt to operate, the freight elevators in the building under penalty of discharge, and that notices were posted at, or near, the entrance of such elevators of similar import, and there is no evidence that the alleged disregard of such instructions and warnings on the part of employees was ever brought to the notice of their employer, or of any negligence from which such knowledge would be chargeable.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the First Appellate District to review an award of compensation made by the Industrial Accident Commission.

The facts are stated in the opinion of the court.

T. T. C. Gregory, for Petitioner.

Christopher M. Bradley, for Respondents.

THE COURT.—This is an application for a writ of review directed against the Industrial Accident Commission by the petitioner, who is the insurer of the Simon Millinery Company of San Francisco, which company was the employer of one Simon Cassell, an errand boy, who was killed in an elevator accident during the time of his employment by said company.

The facts of the case as disclosed by the record are briefly these: The deceased, Simon Cassell, entered the employment of the Simon Millinery Company as an errand boy about one month prior to the accident in which he met his death. The place of business of the Simon Millinery Company was in the Lincoln Building, situate near the corner of Fifth and Market Streets in said city. There were several passenger and freight elevators in said building. The tenants in the portion of the building fronting on Market Street used chiefly the freight and passenger elevators near the entrance to said building on said street. There was also a freight and passenger elevator chiefly used by tenants in that portion of the building fronting upon Fifth Street, and it was in the freight elevator near the Fifth Street entrance that the deceased met with the accident which caused his immediate death. On the third day of September, 1915, the deceased was directed by his employer, the Simon Millinery Company, to go to a certain place on Mission Street and obtain some piping. He went upon said

errand, and, returning with the piping, attempted to enter the building and ascend to the floor upon which his employer had its place of business by way of the freight elevator near the Fifth Street entrance, and in so doing to operate the elevator himself. In some manner not made very clear by the evidence he was crushed and killed in the attempt to thus operate this elevator.

There was evidence introduced before the commission that upon entering the employment of the Simon Millinery Company the deceased had been expressly warned not to ride in or attempt to operate the freight elevators under penalty of immediate discharge. There was also some evidence before the commission tending to show that notices were posted at, or near, the entrances to both freight elevators in the building warning persons against attempting to operate or ride in them without the presence of the regular operator of said elevators. There was also some evidence before the commission that these warnings or notices had been occasionally disregarded by certain of the employees of the Simon Millinery Company, and that upon several occasions the errand boys had ridden up and down in the freight elevators of the building in violation of the express warning and instruction not to do so. We have examined the record carefully for the purpose of determining whether there is any evidence therein that these instances of the disregard of the instructions and warnings on the part of its employees were ever brought to its notice, and as to whether or not there is any evidence showing that the employer was derelict in not taking notice of the fact that its orders were being disobeyed by its employees; but upon such examination we have failed to find any evidence whatever of any such knowledge on the part of the employer, or of any such negligence on its part from the fact of which such knowledge would be chargeable. This being so, we are of the opinion that the finding of the Industrial Accident Commission "that the deceased and other employees of the defendant frequently operated said Fifth Street elevator by themselves without reproof or discipline by said defendant," and also the finding "that the signs placed by the owners of said building upon the doors of the elevators were habitually disregarded without protest," and also the finding "that the protection of its employees from serious bodily injury or death in connection with the operation of such elevators was not made plain

to them nor to Cassell in a manner suited to the intelligence of a person of his age,'' are without evidence to support them, and are contrary to the evidence in the case; and that since these findings of fact were essential to the recovery of the applicant before the Industrial Accident Commission, the action of that body in awarding such compensation without any evidence sufficient to sustain said findings was beyond the jurisdiction of the commission, and hence that a writ of review would properly lie, and that such writ should issue, and that the action of the commission in awarding such compensation should be annulled.

It is so ordered.

A petition for a rehearing of this cause was denied by the district court of appeal on November 16, 1916, and the following opinion then rendered thereon:

THE COURT.—The petition for rehearing is denied. We are of the opinion that the undisputed evidence in the case showed that the deceased had been expressly warned not to ride in, or attempt to operate, the freight elevators in the building in which he met his death, under penalty of discharge, and that notices were posted at, or near, the entrance of such elevators of similar import, and that the disregard of such warning by the employee must, in the absence of evidence mitigating such disobedience, be held to constitute such willful misconduct as would prevent a recovery before the commission, where, as in the instant case, there is no evidence tending to show that the disregard of its warnings, orders, and notices was condoned by the employer.