[S. F. No. 8471. In Bank.—March 12, 1918.]

MARY E. WILLIAMSON, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, Respondent.

WORKMEN'S COMPENSATION ACT—DEATH FROM INJURY SUSTAINED OUTSIDE SCOPE OF EMPLOYMENT—HOTEL CHAMBERMAID VOLUNTARILY PERFORMING DUTY OF JANITOR.—Where an employee whose duties were only those of a chambermaid, employed by a lessee of a hotel, voluntarily attempted to clean out a light well in the building, which was no part of her duty as chambermaid, but was one of the duties of the janitor, who was at the time ill, and where she did this neither at the request of her employer nor with his knowledge or sanction, but at the suggestion of the owner of the building, her employer's lessor, her kin were not entitled to compensation for her death from an injury sustained by her while so engaged.

ID.—APPLICATION OF STATUTE—UNWARRANTED EXTENSION BY CONSTRUC-
TION—WORK PECULIARLY DANGEROUS TO WOMAN AND OUTSIDE THE
RANGE OF EMPLOYMENT.—Conceding that in the instant case the
decedent undertook the performance of the act out of loyalty to the
employer's interest and for his benefit, nevertheless the record show-
ing that the act was dangerous and one which ordinarily a woman
would not be expected to undertake, and that an employer would
not reasonably be expected to command or contemplate its being
done by a woman employed as a chambermaid, it would be an un-
warranted extension of the statute to give it application to such
acts done without the knowledge or consent of the employer.

APPLICATION for Writ of Certiorari to review an award
of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Eugene F. Conlin, for Petitioner.

Christopher M. Bradley, for Respondent.

THE COURT.—Application for a writ of review. The
petitioner was the proprietress of a rooming-house known as
Hotel Merritt, in Oakland, California, and had in her employ
as a chambermaid Mrs. Harriet Anne Prosser, on and prior
to October 3, 1916. Mrs. Prosser was married, but had been
in the employ of the petitioner for about three months prior
to the above date, occupying one of the rooms on the prem-
ises, her husband in the meantime being away in Oregon look-
ing for work. The hotel was small and was kept in order by
the proprietress, Mrs. Prosser, and a janitor. The general
duties of Mrs. Prosser were to make the beds, sweep, dust,
and keep tidy the bedrooms. At times she answered the tele-
phone and occasionally assisted the clerk. The janitor's
duties were to take care of the halls, general toilets, and bath-
rooms, and generally to keep in order the exterior parts of
the premises. There was a light well attached to the prem-
ises upon which the windows of some of the hotel rooms
opened, and which also furnished light to other tenants of the
building. The janitor of the hotel was accustomed to keep
the light well in order and clear of litter, although there was
no provision in the lease requiring this to be done by the
lessee. For some time prior to the accident which cost Mrs.
Prosser her life, the janitor had been ill and unable to fully

attend to his duties in this regard.   Litter had gathered in
the light well, which the janitor had been instructed to clear
away, but which he had been unable to do because of his ill-
ness.   One day shortly before the accident, the owner of the
building being there in the absence of the proprietress of the
hotel, noticed the litter in the light well, and suggested to
Mrs. Prosser that it would look better cleaned up, and she
promised him that she would clean it.   Two or three days
later, in the absence of the proprietress, and without any
knowledge or sanction on her part, Mrs. Prosser told the clerk
she was going to clean the light well.   He told her that it was
not her work and advised her not to do it.   She, however, per-
sisted, saying that she had promised the owner, and climbed
out of one of the windows for that purpose, when she fell a
distance of about nine feet to the bottom of the light well,
receiving injuries from which she died.   The application for
compensation before the commission was made by Mrs. Martha
M. Landis, a sister of Mrs. Prosser, and by W. S. Prosser, the
husband of the deceased, as guardian *ad litem* of Rachel Love
Prosser, a minor child.   Rachel Love Prosser was not related
to the decedent or her husband, but was an illegitimate child
of one who had been a friend and inmate of the home of the
Prossers when they lived in Pittsburg, Pennsylvania, some five
years previously.   The child had been taken by the Prossers
at its birth, had been given their name and nurture from that
time forth as fully as though it was their own child, although
they had not gone through the form of adoption.   It had
lived in their home while they had a home, but at the time of
the injury and death of Mrs. Prosser, and for some time prior
thereto, had been cared for in the home of Mrs. Prosser's
sister, Mrs. Martha M. Landis, in Sutter County, California,
who was being paid by Mrs. Prosser from ten to fifteen dol-
lars per month for her temporary care of the child.   The hus-
band of Mrs. Prosser also contributed some small amounts
irregularly for the same purpose.   The parents of the child
were known, but did not live in California, and never in any
way assisted in the care of the child.   Upon the showing of
the foregoing facts, the commission made an award in favor
of the applicant, whereby Mrs. Martha M. Landis was given
the sum of $52 to repay her for the funeral expenses of the
deceased, and was further awarded a total sum of $1,589.45,
as trustee for Rachel Love Prosser, payable in weekly install-

ments until the whole of said sum should be paid.  Upon petition for a rehearing the commission affirmed this award, whereupon the petitioner herein applied to this court for a writ of review.

The first question presented for our consideration is as to whether the injury and death of Mrs. Prosser was by accident arising out of, and in the course of, her employment.  The immediate act which she was attempting to do at the time of her fall and injury was not one which the emergencies of the situation required to be done at once.  On the other hand, it was, as the record, and especially the exhibits, abundantly shows, a dangerous act, and one which ordinarily a woman would not be expected to undertake at all, even if the doing of it lay within the range of her general duties, nor could it be expected that an employer would reasonably command or contemplate the doing of such an act by a woman employed in the capacity of a chambermaid.  It is conceded by the respondent herein that in attempting to do said act the decedent did step aside from the sphere of her specific employment and was thus beyond its scope, but it is contended that since the act which she was undertaking to do was undertaken out of loyalty to the interests of her employer and for the latter's benefit, the statute should be construed so liberally as to allow compensation for the injury sustained in attempting to perform it.  We think, however, it would be an unwarranted extension of the statute to give it application to acts done without the knowledge or consent of the employer, which, however commendable from the viewpoint of loyalty to one's employer, are not only outside of the employee's specific employment and duty, but which are in themselves of such a hazardous character as that the employee ought not to be reasonably expected or required to do them, except as a matter of immediate necessity or emergency, even though they might be within the scope of the employment. This is such an identical case.  Even if the deceased had been the janitress in charge of the building generally she could not reasonably be expected to do the thing she was essaying to do, for it was peculiarly the work of a man, and it might even be said of a young and active man, to climb out of a window, find a precarious footing upon a narrow ledge between three or four feet below it, and thence descend by a lean-to stepladder to the bottom of a light well nearly nine feet below the

point of exit from the window. We think the attempted doing of this act by the deceased, admittedly outside the range of her designated duties, was also so clearly beyond the scope of her employment as to require no further discussion. We are cited to cases which it is insisted support both sides of the foregoing contention. A review of these would be unprofitable, since none of them present an approximately parallel situation, and since also, in proceedings of this character, each case as a rule, at least in the formative period of the law relating to industrial accident cases, must be decided upon its own peculiar state of facts. The foregoing views render unnecessary a consideration of the other questions presented upon this proceeding.

It is ordered that the petition be upheld and the award of the commission be and the same is hereby annulled.