[S. F. No. 12403. In Bank.—July 15, 1927.]

SAN FRANCISCO AND SACRAMENTO RAILWAY COMPANY (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and JACK M. OUGH et al., Minors, Respondents.

[1] WORKMEN'S COMPENSATION ACT—ACTS OUTSIDE SCOPE OF EMPLOYMENT—UNWARRANTED AWARD.—Where the captain of a ferryboat used in transporting electric trains over a river, in violation of the instructions of his employer to call upon a specially trained staff of electric linemen provided for the purpose, attempted to repair an electric contact point but failed to turn off the current, came in contact with the current and was thrown to the wharf and killed, the acts of the deceased having been outside the scope of his employment, an award of compensation for his death was unjustified.

(1) Workmen's Compensation Acts, C. J., p. 86, n. 82.

APPLICATION for a Writ of Certiorari to annul an award of the Industrial Accident Commission for the death of an employee. Award annulled.

1. What accident arising out of and in course of employment is within purview of act, notes, Ann. Cas. 1913C, 12; Ann. Cas. 1914B, 501; L. R. A. 1916A, 40, 232; L. R. A. 1917D, 114; L. R. A. 1918F, 896. See, also, 27 Cal. Jur. 351; 28 R. C. L. 796. Injury to employee while engaged on employer's work but outside the scope of his usual duty, note, 33 A. L. R. 1335. Liability to servant voluntcering upon a duty with which he is not charged, note, 85 Am. St. Rep. 622.

The facts are stated in the opinion of the court.

R. P. Wisecarver and Jesse H. Steinhart for Petitioners.

G. C. Faulkner for Respondents.

THE COURT.—A petition for hearing herein was granted by this court after decision by the district court of appeal. A more thorough consideration, however, of the legal question presented in the petition has convinced us that the law of the case is correctly expressed in the opinion prepared by Mr. Justice Nourse of the district court of appeal. It is, therefore, adopted as the opinion of this court. It is as follows:

"*Certiorari* to review an award of the Industrial Accident Commission. The petitioner owns and operates the ferryboat 'Ramon,' used for the purpose of transporting its electric trains over the San Joaquin river. These trains are operated by means of an overhead electric trolley terminating at each wharf in a V-shaped contact point so that when the ferryboat is docked the train can readily take up the electric current and proceed on its way. These contact points had frequently been bent out of place through careless docking of the ferryboat and the captains had been specifically instructed to 'log' the damage and to immediately report it to the line repair staff for repair. Captain Ough was one of three captains working on separate shifts and as such was in full charge of the ferryboat during his period of service. One of these contact points having been 'jammed' Captain Ough left his boat and went on the wharf to repair it. He failed to take the precaution of turning off the current, but climbed a ladder to the place where the live wires were attached, and, coming in contact with the current, was thrown to the wharf and killed.

"At the hearing before the Commission the defendant (petitioner herein) contended that because the work of repairing the electric lines was of a technical and hazardous character it had provided a specially trained staff of electric linemen for that work; that the captain had been given express orders to call upon these linemen when repairs were needed, and that when he left his ship and attempted to repair the contact point on the wharf he was

acting beyond the scope of his employment. At the close of the hearing a continuance was granted at the request of those seeking compensation for the death of the captain to enable them to produce some evidence tending to show that the captain was acting within the scope of his employment when the accident occurred. Some time thereafter the parties reached an agreement of compromise for the sum of $1,000. When this was filed the Commission forthwith ordered the cause submitted, and, without notice or hearing, entered judgment against the defendant for the sum of $5,150. A rehearing was denied the defendant and it prosecutes this application on the ground that there is no evidence to sustain the award.

[1] "The evidence is without conflict and shows beyond question that the captain was killed while engaged in work entirely beyond the scope of his employment; that it was done without the knowledge or consent of the employer, and was not a case of emergency which called the captain in his employer's interest to go beyond the scope of his employment. The case is covered by the rule of *Williamson* v. *Industrial Acc. Com.*, 177 Cal. 715, 718 [171 Pac. 797], where the Supreme Court say: 'It would be an unwarranted extension of the statute to give it application to acts done without the knowledge or consent of the employer, which, however commendable from the viewpoint of loyalty to one's employer, are not only outside of the employee's specific employment and duty, but which are in themselves of such a hazardous character as that the employee ought not to be reasonably expected or required to do them.'

"The same principle is stated in a different way by Schneider on 'Workmen's Compensation Law,' volume 1, page 696, where it is said: 'Notice must be taken that a factory of today usually includes within the field of its operations many fairly distinct lines of work, from that of the roustabout engaged in the ordinary labor that almost anyone may perform, to that of the expert mechanic, which can be done safely by those only with skill and experience. The difference between these various kinds of work was always recognized by the common law, and it was held to be negligence for the master to require of the servant, without warning and instructing him, the performance of

work outside of and more dangerous than that which the latter had contracted to perform. Such classification of work exists in the very nature of things, and as much under the statute as at common law. Its recognition is required by any proper organization of a factory, not only for efficiency, but as well for the purpose of guarding against accident and injury. And if a workman, when there is no emergency, should of his own volition see fit to intermeddle with something entirely outside the work for which he is employed, he ought not to be allowed compensation upon the mere plea that he thought his act would be for the benefit of his employer.' "

Our research has brought to light many authorities, other than those cited in the opinion of the district court of appeal, which tend to indicate the incorrectness of the award made herein by the respondent Commission. The following cases would seem to be pertinent: *Losh* v. *Evans & Co.,* 5 W. C. C. 17, 19 T. L. R. 142; *Wilson* v. *Dakota L. & P. Co.,* 45 S. D. 175 [186 N. W. 828]; *Dietzen Co.* v. *Industrial Board of Illinois,* 279 Ill. 11 [Ann. Cas. 1918B, 764, 116 N. E. 684]; *Mepham & Co.* v. *Industrial Com.,* 289 Ill. 484 [124 N. E. 540]; *Bischoff* v. *American Car & Foundry Co.,* 190 Mich. 229 [157 N. W. 34].

This court has upon earlier occasions recognized that an employee may go outside the sphere of his employment by doing work he was not engaged to perform. (*Assurance Corp.* v. *Industrial Acc. Com.,* 182 Cal. 612, 614 [187 Pac. 42]; *Sherer & Co.* v. *Industrial Acc. Com.,* 175 Cal. 615, 618 [166 Pac. 318].) In our opinion, neither the evidence adduced before the respondent Commission nor any inference that might reasonably be drawn therefrom tends to in any manner support a finding that the injury resulting in the demise of the deceased was one "arising out of and in the course of the employment" or that the deceased was, at the time of injury, "performing service growing out of and incidental to his employment" or "acting within the course of his employment." As we read the record herein it was no part of Captain Ough's marine duties to repair the bent contact point referred to above. Such hazardous repair work was unmistakably and unquestionably within the range of duties of the line crew. The express instructions of the deceased's employer required that

he communicate the necessity for such repair work to the line crew.

For the foregoing reasons it is ordered that the award of the respondent Commission be and the same is hereby annulled.

Rehearing denied.