[Civ. No. 8453. First Appellate District, Division Two.—April 29, 1932.]

GEORGE RUFF et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION, VITO MOSCATO et al., Respondents.

Redman, Alexander & Bacon and R. P. Wisecarver for Petitioners.

A. I. Townsend for Respondents.

NOURSE, P. J.—Petitioner Ruff is an individual doing business as College Park Dairy. Bert Kessler was employed by Ruff to drive one of his dairy trucks in the delivery of milk. Michael Moscato, a boy of fifteen years, was employed to help Kessler, his only duty being to ride on the truck and to deposit the milk at the doors and to return empty bottles to the truck. While on a regular delivery route, Kessler stopped at a service station to have the truck serviced. He drove the truck upon the hydraulic hoist and then he and Moscato walked away leaving the truck in the

hands of an employee of the service station. Another truck belonging to Ruff drove into the station at this time and Kessler climbed into the seat of the second truck. While he was there engaged in conversation with the driver of the second truck the employee of the service station called to Moscato to come over and help him. The boy went to the hydraulic hoist, where he was lifted up to the seat of the truck by this employee to help him in turning the steering gear. Kessler did not see the boy and did not know what he was doing, but, a short time after he had been called by the employee of the service station Kessler heard a cry and turned around in time to see the truck topple from the hoist and strike the boy, killing him.

The petitioners contend that the boy was not in the service of Ruff at the time he was killed but that he was voluntarily doing a service outside of his employment. This contention must be sustained. The rule is stated in 27 Cal. Jur., pages 351 et seq., where many cases are cited. In the recent case of *San Francisco & Sac. R. R. Co.* v. *Industrial Acc. Com.*, 201 Cal. 597, 600 [258 Pac. 86], the authorities on this subject are considered at length. It is true that in the latter case the employee was killed while voluntarily performing a service outside of his employment and in disregard of his employer's instruction, but that is just one element of the case which emphasized the absence of the relation of master and servant. The essential element of this character of cases is that when the employee is engaged in voluntarily doing something outside the scope of his employment he is temporarily beyond the directions and control of the employer and the liability of the latter attaches only when that relation exists.

The award is annulled.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 28, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 28, 1932.