[Civ. No. 10301. First Appellate District, Division Two.—September 25, 1936.]

OCEAN ACCIDENT AND GUARANTEE CORPORATION (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and ROBERT O. BINGHAM, Sr., et al., Respondents.

Redman, Alexander & Bacon and R. P. Wisecarver for Petitioner.

Everett A. Corten and Emmet J. Seawell for Respondent Industrial Accident Commission.

NOURSE, P. J.—Petitioner sues for a review of the award of the respondent commission made to the father, mother and minor sister of Robert Bingham, who was killed while an employee of the Forward Dairy. Petitioner attacks the award upon two grounds: (1) that the accident causing the death of the employee occurred outside of the course of his employment; (2) that the evidence is insufficient to support the commission's finding of total dependency.

The facts relating to the employment and to the accident are not disputed. The boy was employed under a written contract by which the dairy company agreed to furnish him a truck for use in the delivery of milk. The truck was to be kept in the dairy garage at all times when not in use on the route, and the company was to bear all expenses of maintenance except the cost of gasoline and oil. He was required to start on his route at about 7 o'clock A. M. and to either load or assist in the loading of the truck before that hour.

On the day of the accident the deceased came to the garage at about 6 o'clock A. M., inquired for his truck, and learned that the superintendent had permitted another employee to drive it to his house on the previous night. Another employee was driving his personal car to the place where the other one had taken the truck, and the deceased rode out with him. This was done without the knowledge or consent of the superintendent or of any other official of the dairy company. At almost the precise moment when

the deceased left the garage the other employee was leaving his home with the truck, which he had agreed with the superintendent would be returned in time for loading by the deceased for his morning delivery. The deceased received the injuries which resulted in his death while on this private mission riding with his fellow employee.

This evidence does not support the award. It shows that the deceased was voluntarily doing something outside the scope of his employment—that at the time of the accident he was beyond the direction and control of the employer. By the terms of his employment the truck was to be left in the company garage and, if for any reason it was taken from the garage, it was the duty of the employer to have it returned in time for the use of the deceased. This duty the employer had undertaken to perform on this particular occasion, and, when the deceased voluntarily went out for it, he was performing an act for his own convenience and one not for the purpose or benefit of his employer. Upon the admitted facts the case comes within the rule stated in 27 California Jurisprudence, page 351: "An injury suffered by an employee while voluntarily doing something entirely outside of his employment, even though of benefit to his employer, is not an injury in the course of employment." Later cases following the rule are: *San Francisco & Sacramento Ry. Co.* v. *Industrial Acc. Com.*, 201 Cal. 597, 600 [258 Pac. 86], *Ruff* v. *Industrial Acc. Com.*, 123 Cal. App. 168 [11 Pac. (2d) 17], and *Jenks* v. *Carey*, 136 Cal. App. 80, 84 [28 Pac. (2d) 91].

Since the award must be annulled for this reason it is not necessary to consider the other ground urged in the petition.

The award is annulled.

Sturtevant, J., and Spence, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 23, 1936.