SELWIN PRENTICE v. TWIN CITY WHOLESALE GROCERY AND ANOTHER.[1]

April 8, 1938.

No. 31,594.

[1]Reported in 278 N. W. 895.

456

*Reynolds & McLeod,* for relators.
*John A. Goldie,* for respondent.

LORING, JUSTICE.

By writ of *certiorari* the relators seek to reverse a decision of the industrial commission awarding compensation to the respondent injured September 11, 1936, while employed by the Twin City Wholesale Grocery. Prentice's work consisted of loading and unloading boxes of merchandise onto and from boxcars by means of a conveyor consisting of an elevator conveyor which lifted boxes from the basement to the third floor of the warehouse and onto a horizontal conveyor 50 or 60 feet long, which in turn connected with four gravity conveyors that led to different aisles. At each of these gravity conveyors there is a gate which can be thrown across the moving belt of the horizontal conveyor so that the merchandise can be deflected onto the gravity conveyor. These gates are made of iron plated with tin and are about one-half inch thick and six or seven inches high. They are supported by posts so that they do not drag on the conveyor belt. The gates are about six feet six inches from the floor and are operated by hand.

On the day the respondent was hurt he went to the place where the elevator conveyor reaches the third floor and shouted down to the men below to send up some goods which he was going to divert into one of the gravity conveyors where the gate was not yet set for such diversion. He then jumped upon the horizontal conveyor to ride to the point where he could set the gate for the desired gravity conveyor. As he did so his hand caught between the roller and the end of the elevator conveyor and he was injured. The industrial commission found that he had been forbidden to ride upon the conveyor although the respondent denied that he had.

It is the contention of the relators that the respondent violated an instruction limiting the sphere of his employment and that there-

fore his accident did not arise out of and in the course of his employment. We are unable to agree with the relators in their contention. Violation of orders or directions does not defeat compensation unless such violation takes the employe out of the sphere or scope of his employment. Rautio v. International Harv. Co. 180 Minn. 400, 231 N. W. 214, and cases cited in the paragraph numbered four in that opinion. Here the employe was doing exactly what he was hired to do at the very place where he was required to perform his duties, but in a manner forbidden by his superiors. This transgression was wholly within the sphere of employment and consequently does not prevent the recovery of compensation. Under such conditions, the extra hazard to which he thus exposed himself did not affect the employer's liability.

Respondent is allowed $75 attorney's fees in addition to statutory costs.

Writ discharged and decision affirmed.

Mr. Justice Hilton, because of illness, took no part in the consideration or decision of this case.

