In the Matter of the Claim of DOMINIC RICCI, Respondent, against SAMUEL KATZ et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of disability compensation under the Workmen's Compensation Law. Claimant was employed as a laborer on a farm. While working with two other men collecting stones and placing them in a small wagon attached to a tractor, he started to drive the tractor to dump the stones. The tractor overturned, threw the claimant off and fell on him, causing his injuries. The claim was contested on the ground that he had been forbidden to operate the tractor. After instructing claimant and the others to remove the stones, the foreman had told him not to operate the tractor and then had left the scene of the work. While the foreman was away claimant was in charge, and when the wagon was filled decided to operate the tractor himself rather than remain idle and await return of the foreman. The use of the tractor was but an incident in the principal job of removing and carting away the stones. Claimant performed his work in a forbidden manner, rather than performing work which had been forbidden. Award unanimously affirmed, with costs to the State Industrial Board. All concur. [See *post*, p. 1007.]

In the Matter of the Claim of CHARLES RICHARDS, Respondent, against NEAL CREAMER et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by an employer and his insurance carrier from an award of compensation in claimant's favor. The employer was engaged in conducting a carnival and claimant was employed as a roustabout and general laborer. He was on duty at all times. On August 30, 1942, while the carnival was being moved from one place to another, claimant was riding on a truck belonging to the employer. He asked the driver to stop at a roadside store so that he might purchase some cigarettes. After making the purchase and while crossing the highway for the purpose of returning to the truck, he was struck by a passing automobile and was injured. The Board found that claimant's injuries arose out of and in the course of his employment. The evidence sustains the finding. Award unanimously affirmed, with costs to the State Industrial Board. All concur. [See *post*, p. 1007.]

In the Matter of the Claim of MARTY SCHWARTZ, Appellant, against DANIEL JONES et al., Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal by claimant from a decision of the State Industrial Board disallowing a claim for compensation pursuant to the provisions of the Workmen's Compensation Law. The Board found that claimant did not sustain an accident and that on the weight of the medical testimony claimant's disability was not related to the alleged accident. A question of fact is presented and the decision of the Industrial Board is amply supported by the testimony. The decision of the Board is final and should be affirmed. Decision affirmed, without costs. All concur.