In the Matter of the Claim of MARGARET McLELLAN, Respondent, against INTERNATIONAL PAPER COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Award for death benefits. The employee fell from a roof upon which he had gone for air and a smoke. Award affirmed, with costs to the State Industrial Board. All concur.

In the Matter of the Claim of LEO SACKOLWITZ, Respondent, against CHARLES HAMBURG & Co., INC., Appellant. STATE INDUSTRIAL BOARD, Respondent.— Claimant obtained employment by aid of a false statement in writing as to his identity in violation of the Penal Law (§ 939). No consideration of public policy or of statutory intent requires that one should be rewarded by additional compensation under such circumstances. So much of the award appealed from reversed and the claim in that respect dismissed, with costs to the State Industrial Board. All concur, except Hill, P. J., who dissents in the following memorandum: Violations of the Labor Law are malum prohibitum. The claimant, Leo Sackolwitz, stated when seeking employment that he was Jack, an older brother. This deceit could have been discovered by using reasonable diligence. Numerous authorities sustain the liability of the employer even if there is no negligence. [See amended decision post, p. 803.]

In the Matter of the Claim of MARJORIE B. DENNISON, Respondent, against PECKHAM ROAD CORP. et al., Appellants-Respondents, and WM. E. BOULEY & Co. et al., Respondents-Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appellant Wm. E. Bouley & Co. was engaged in excavating a cellar. It leased a power shovel from Peckham Road Corp. The latter corporation was not connected with the Bouley Co. or the excavation. Decedent was regularly employed by Peckham but was engaged by Bouley to assist in operating the shovel. His wages were paid by Bouley; he received the injuries which caused his death while so employed. Award reversed as to the Peckham Road Corp. and remitted to the State Industrial Board for the making of an award solely against the Wm. E. Bouley & Co. and its carrier. All concur. [See amended decision post, p. 803.]