[Civ. No. 13283. First Dist., Div. Two. Jan. 14, 1947.]

AUTO LITE BATTERY CORPORATION OF CALIFORNIA (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and ALBERT PENNELLA, Respondents.

R. P. Wisecarver for Petitioners.

R. C. McKellips for Respondents.

DOOLING, J.—Petitioners seek to annul an award of the Industrial Accident Commission in favor of Albert Pennella. Pennella, a minor twenty years of age, was employed by petitioner, Auto Lite Battery Corporation of California. He worked on an assembly line placing elements in battery cases. The parts which Pennella and his fellow workers on the assembly line used in their work were customarily brought from the store room by a small electric truck. A driver was employed to operate this truck and Pennella had been at least twice specifically forbidden by his foreman to operate it. Pennella testified that when just a few parts were lacking for their work on the assembly line "I usually go up and carry them back," and that on such occasions he carried them by hand. On the

date of his injury Pennella, after a rest period, placed some parts which were needed to continue his work on the electric truck and, in express violation of the orders previously given him, got on the truck and drove it to the assembly line. In attempting to get off the truck at the assembly line he accidentally started it and was crushed between the truck and the wall, receiving the injuries to his leg which resulted in the award under attack.

The respondent commission after first denying compensation granted a rehearing and made an award to Pennella, finding that he "sustained injury arising out of and in the course of his employment," but that "said injury was caused by the serious and wilful misconduct of said employee, in that he knowingly and intentionally violated an express order of his employer to the effect that he was not to operate the electric truck which caused his injury." By reason of this finding of the employee's misconduct the award of compensation was reduced 50 per cent. (Lab. Code, § 4551.)

Petitioners attack the award on the ground that in operating the truck in violation of the orders expressly given him Pennella stepped outside the scope of his employment and that the award for that reason is not justified.

It is well settled in this state that an employer may so limit the scope of an employee's duties that if he steps outside the scope of those duties and undertakes to perform work which he is not employed to do he is not acting within the scope of his employment. (*San Francisco & S. Co.* v. *Industrial Acc. Com.*, 201 Cal. 597 [258 P. 86]; *Robert Sherer & Co.* v. *Industrial Acc. Com.*, 175 Cal. 615 [166 P. 318]; *Williamson* v. *Industrial Acc. Com.*, 177 Cal. 715 [171 P. 797]; *Ruff* v. *Industrial Acc. Com.*, 123 Cal.App. 168 [11 P.2d 17].) These cases are not, however, necessarily controlling here.

From the testimony the respondent commission was entitled to conclude that the bringing of parts by hand from the store room to the assembly line was within the scope of Pennella's duties. The distinction to be observed is that between doing an act entirely outside the scope of employment and doing an act within the scope of employment in a forbidden manner. This distinction is well expressed in *Prentice* v. *Twin City Wholesale Grocery*, 202 Minn. 455 [278 N.W. 895], cited by our Supreme Court in *Associated Indem. Corp.* v. *Industrial Acc. Com.*, 18 Cal.2d 40, 47 [112 P.2d 615]. In the Prentice case an employee whose duty it was to load and

unload boxes onto and from a moving conveyor was injured while riding on the conveyor to the point where his duties called him. The industrial commission found that he had been forbidden to ride on the conveyor but nevertheless made an award of compensation. In affirming the award the Supreme Court of Minnesota said:

"It is the contention of the relators that the respondent violated an instruction limiting the sphere of his employment and that therefore his accident did not arise out of and in the course of his employment. We are unable to agree with the relators in their contention. Violation of orders or directions does not defeat compensation unless such violation takes the employee out of the sphere or scope of his employment. *Rautio* v. *International Harvester Company*, 180 Minn. 400 [231 N.W. 214], and cases cited in the paragraph numbered 4 in that opinion. Here the employee was doing exactly what he was hired to do at the very place where he was required to perform his duties but in a manner forbidden by his superiors. This transgression was wholly within the sphere of employment and consequently does not prevent the recovery of compensation. Under such conditions the extra hazard to which he thus exposed himself did not affect the employer's liability."

The same distinction was followed in *Ricci* v. *Katz*, 267 App. Div. 927 [46 N.Y.S.2d 781] (leave to appeal to the Court of Appeals denied, 55 N.E.2d 757) where the court said:

"Claimant was employed as a laborer on a farm. While working with two other men collecting stones and placing them in a small wagon attached to a tractor, he started to drive the tractor to dump the stones. The tractor overturned, threw the claimant off and fell on him causing his injuries. The claim was contested on the ground that he had been forbidden to operate the tractor. After instructing claimant and the others to remove the stones, the foreman had told him not to operate the tractor and then had left the scene of the work. While the foreman was away claimant was in charge and when the wagon was filled decided to operate the tractor himself rather than remain idle and await return of the foreman.

"The use of the tractor was but an incident in the principal job of removing and carting away the stones. Claimant performed his work in a forbidden manner, rather than performing work which had been forbidden."

Similar holdings based on the distinction noted will be found in *Dubit* v. *Sheffield Farms Co.*, 118 N.J.L. 411 [193 A. 546]; *Standard Elkhorn Coal Co.* v. *Stidham*, 242 Ky. 228 [46 S.W.2d 120]; *Frint Motorcar Co.* v. *Industrial Commission*, 168 Wis. 436 [170 N.W. 285]; *Wallace* v. *Rex Fuel Co.*, 216 Iowa 1239 [250 N.W. 589]; *Moss* v. *Hamilton*, 234 Ala. 181 [174 So. 622]; *Omaha Boarding & Supply Co.* v. *Industrial Commission*, 306 Ill. 384 [138 N.E. 106]. See the notes in 119 A.L.R. 1409; 83 A.L.R. 1211; 58 A.L.R. 198; 26 A.L.R. 166; 23 A.L.R. 1161; and cf. *McAdoo* v. *Industrial Acc. Com.*, 40 Cal.App. 570 [181 P. 400].

■ Formerly our workmen's compensation act denied the employee compensation for any injury caused by his wilful misconduct. (*Pacific Coast Casualty Co.* v. *Pillsbury*, 31 Cal. App. 701 [162 P. 1040]; 27 Cal.Jur. 428.) In 1917 the more lenient rule making such misconduct a ground for reducing compensation by one-half was adopted. (Workmen's Compensation Act of 1917, § 5(4), Stats. 1917, p. 834.) This, like all provisions of the act, is to be liberally construed in favor of the employee. (*Pacific Lbr. Co.* v. *Industrial Acc. Com.*, 22 Cal.2d 410, 422 [139 P.2d 892]; Lab. Code, § 3202.)

■ We are satisfied that the commission was justified in concluding that Pennella was acting within the scope of his duties in bringing parts to the assembly line, but was performing this duty in a forbidden manner in using the truck, and was for that reason guilty of serious and wilful misconduct justifying the reduction of the award of compensation by 50 per cent. (Lab. Code, § 4551; *McAdoo* v. *Industrial Acc. Com.*, *supra*, 40 Cal.App. 570.)

The award is affirmed.

Nourse, P. J., and Goodell, J., concurred.