[Civ. No. 13760.  First Dist., Div. Two.  June 15, 1948.]

INDUSTRIAL INDEMNITY EXCHANGE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, JUNE A. MULLEN et al., Respondents.

Leonard, Hanna & Brophy for Petitioner.

T. Groezinger and John A. Rowe, Jr., for Respondents.

NOURSE, P. J.—Petitioner, Industrial Indemnity Exchange, seeks review and annulment of a death benefit award to the widow and minor children of Arnold Mullen, deceased. The petition presents the single ground whether the facts support respondent commission's finding that the injury "arose out of" and "occurred in the course of" the employment.

The undisputed evidence is: The Roberts Dairy owned and operated two ranches in Marin County—the K Ranch where dairy operations were conducted, and the Murphy Ranch where Mullen had been employed as a tractor driver for three months prior to March 8, 1947. Vancour, foreman of the K Ranch, learning that Mullen, who was an experienced dairy hand, was not working because of the rain, drove over to the Murphy Ranch Saturday afternoon, March 8, and offered Mullen a job as a milker. It was agreed that Mullen was to start on Sunday evening, March 9 at 7 p. m. at the

K Ranch. Vancour drove Mullen back to the K Ranch and told him he could sleep in the K Ranch bunk house. The next morning Mullen asked Vancour if he could borrow one of the trucks, referred to as the weapons carrier, to go to the Murphy Ranch for his working clothes. Vancour told him that no one was allowed to use the weapons carrier but himself, but that he was returning to the ranch at noon and would then take Mullen to the Murphy Ranch to procure his clothing. Vancour on returning to the K Ranch about noon found the weapons carrier overturned on the road about one mile from the ranch. Mullen who had been driving it was pinned underneath and died as a result of his injuires. Vancour learned from Ashbury, who accompanied deceased, that Mullen had taken the weapons carrier after Vancour's departure, had driven to the Murphy Ranch for his clothes and had then gone out of his way into the town of Inverness. Lundgren, part owner of the Roberts Dairy, testified that orders had been given that the weapons carrier was not to leave the ranch, and that the only person allowed to drive it was the foreman, Vancour. The reason for this order was that the vehicle was new, and the owners had had unfortunate experiences with other vehicles being taken off the ranch and damaged. The payroll records showed that Mullen was paid in full for his work at the Murphy Ranch. No account had been opened for him at the K Ranch at the time of his death.

Our decision is controlled by the principle stated in *Auto Lite Battery Corp.* v. *Industrial Acc. Com.*, 77 Cal.App.2d 629, 631 [176 P.2d 62] : ''It is well settled in this state that an employer may so limit the scope of an employee's duties that if he steps outside the scope of those duties and undertakes to perform work which he is not employed to do he is not acting within the scope of his employment. (*San Francisco & S. Co.* v. *Industrial Acc. Com.*, 201 Cal. 597 [258 P. 86] ; *Robert Sherer & Co.* v. *Industrial Acc. Com.*, 175 Cal. 615 [166 P. 318] ; *Williamson* v. *Industrial Acc. Com.*, 177 Cal. 715 [171 P. 797] ; *Ruff* v. *Industrial Acc. Com.*, 123 Cal. App. 168 [11 P.2d 17].)''

In that case this court noted the distinction as to the liability of the employer between cases of injury of an employee while doing an act entirely outside the scope of employment and doing an act within the scope of employment in a forbidden manner.

There is no groundwork for such distinction here because the undisputed evidence shows that the injury occurred while the employee was acting both beyond the scope of his employment and in a forbidden manner. Our case is on a par with *San Francisco & S. Railway Co.* v. *Industrial Acc. Com.*, 201 Cal. 597, 599 [258 P. 86], where the reason for annulling the award was based on facts similar to what we have here, the Supreme Court saying:

"The evidence is without conflict and shows beyond question that the captain was killed while engaged in work entirely beyond the scope of his employment; that it was done without the knowledge or consent of the employer, and was not a case of emergency which called the captain in his employer's interest to go beyond the scope of his employment." And see cases cited page 600.

Award annulled.

Goodell, J., and Dooling, J., concurred.