In the Matter of the Claim of Gertrude Davis, Respondent, against Newsweek Magazine et al., Appellants. Workmen's Compensation Board, Respondent.

Third Department, March 12, 1952.

*Joseph D. Edwards* and *Ralph S. Stowell* for appellants.

*Edwin H. Friedman* and *Samuel Israel* for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

BREWSTER, J. Appeal by an employer and its insurance carrier from a decision and award of death benefits to claimant made by the Workmen's Compensation Board.

In his employment by employer appellant as a writer and science editor decedent, under a special agreement with his employer, entered upon a prearranged automobile tour from New York to the west coast, the itinerary including the visits of divers places enroute to afford material for the subject matter of articles which decedent was to write and send to his employer. It was agreed that the duration of the tour would be eight weeks, which included four weeks to which decedent was entitled for a vacation with pay. During the tour the parties were afforded contact by prearranged schedule, one purpose of which was that the employer could recall the decedent in case of emergency. To promote an objective of the tour the employer furnished decedent with credentials to facilitate his access to restricted places along the planned itinerary. The tour began May 10, 1949. Two days later decedent arrived at Oak Ridge, Tennessee, the first place which was agreed upon for his visitation. There he spent some three days gathering information for an article he was to write and send his employer. He continued his tour on May 14th, enroute to the next planned place of visitation which was San Antonio, Texas. So enroute he made a stopover at Biloxi, Mississippi, where he checked in at a hotel for the night and where he had planned to write and send to his employer for its following week's publication an article based

upon his visit at Oak Ridge. Shortly after arriving at Biloxi, fatigued from his journey, he went swimming and accidentally drowned. Whether the accident arose out of and during his aforesaid employment is the question presented.

Under the evidence decedent's employee status was so inextricably entwined with his tour as to sustain the board's finding that his employment included his transient stopover at Biloxi on his route to San Antonio. Under the circumstances shown, since his employment, or a phase of it, was that of a tourist which exposed him to the risks incident to that status, we think it may be said as a fact that it was such a natural risk of his employment which caused his death. We also consider that it has been properly found that his accident arose out of and in the course of his employment for a further reason. He arrived at Biloxi in the late afternoon, fatigued by a long journey in hot weather, at which place he had planned to write a scientific article for his employer from his Oak Ridge notes. The fatigue, occasioned by his employment, accompanied its continuance at Biloxi. His attempt to get relief therefrom may be regarded as a reasonable act in the course of his employment since, had it been successful, it would have been of some benefit to his employer in its more promptly receiving a better article which he was to write that night than would otherwise have resulted. "When * * * some advantage to the employer, even though slight, can be discovered in the injured workman's conduct, his act cannot be regarded as purely personal and wholly unrelated to his employment. Under such circumstances his injury occurs not only in the course of his employment but it also arises out of it." (*Matter of Younger* v. *Motor Cab Transp. Co.*, 260 N. Y. 396, 398.) During the stopover at Biloxi decedent's employment continued. Its responsibilities were upon him. His going for a swim was what one so employed would reasonably do at the place where his employment had brought him " ' * * * during that time to do that thing.' " (*Matter of Wickham* v. *Glenside Woolen Mills*, 252 N. Y. 11, 12; *Matter of Gabunas* v. *Pan American Airways*, 279 App. Div. 697; *Matter of Block* v. *Camp Shows*, 272 App. Div. 980, motion for leave to appeal denied 297 N. Y. 1032; *Matter of Windishar* v. *Warmack*, 271 App. Div. 855; *Matter of De Santis* v. *U. S. O. Camp Shows*, 275 App. Div. 880, motion for leave to appeal denied 299 N. Y. 798; *Matter of Clapham* v. *David*, 232 App. Div. 458; *Matter of Bollard* v. *Engel*, 254 App. Div. 162, affd. 278 N. Y. 463; *Matter of McLellan* v. *International Paper Co.*, 269 App. Div. 800, motion for leave to appeal dismissed 294 N. Y. 967; *Matter of Karl* v.

*Fair Shoe Repair, Inc.,* 269 App. Div. 800; *Matter of Richards* v. *Creamer,* 267 App. Div. 928, motion for leave to appeal denied 267 App. Div. 1007; *Matter of Bowen* v. *Saratoga Springs Comm.,* 267 App. Div. 928.)

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

HEFFERNAN, BERGAN and COON, JJ., concur; FOSTER, P. J., dissents in the following memorandum: The board's finding that decedent's act of swimming was connected with his employment must have some substantial evidence in the record to support it. I am unable to find such evidence. Decedent's act was no more connected with his employment than if he had performed the same personal act of recreation at his home. If the board's reasoning is correct then every personal act of the decedent on his trip was covered by compensation insurance, for it can be said that he was always preparing himself for his work. Decedent's tragic mishap, under the circumstances disclosed, was not an industrial accident under any reasonable construction of the Workmen's Compensation Law. The award should be reversed and the claim dismissed.

Decision and award affirmed, with costs to the Workmen's Compensation Board.