BRIAN R. BARTLEY v. C-H RIDING STABLES, INC.
STATE TREASURER, CUSTODIAN OF SPECIAL
COMPENSATION FUND, RESPONDENT.

206 N. W. 2d 660.

April 20, 1973—No. 43773.

*Robert Greenberg,* for relator.

*Warren Spannaus,* Attorney General, *Curtis D. Forslund,* Solicitor General, and *Gary C. Reiter,* Special Assistant Attorney General, for State Treasurer.

*Daniel T. Cody,* for respondent employee.

PER CURIAM.

Employer-relator seeks review of an adverse decision rendered by the Workmen's Compensation Commission granting compensation to employee-respondent. The issue presented is whether an employee's injury occurs in the course of and arising out of his employment when such injury is the result of an act which is expressly prohibited by the employer. We reverse.

During the summer of 1968, employee, an 18-year-old boy, was hired to work at the employer's riding stables. On August 24, 1968, the employer accepted delivery of a newly purchased horse. The horse was quite spirited and two other employees had been thrown from the horse in attempting to ride it. There is conflicting evidence in the record as to whether permission was granted employee-respondent to ride the horse. The employee testified that he had received the reluctant consent of the employer to do so. The employer's view was that he had twice refused the employee's request to ride the horse since the boy was too thin to handle it. When the employer absented himself to respond to a telephone call, the employee mounted the horse, which reared up and caused the injuries complained of. The injury occurred about 6 weeks after the employee had commenced work.

The employee's exact duties were never defined, although there was evidence that he was hired to be trained as a trail guide. The compensation judge was of the opinion that the employee had disobeyed orders in riding the horse but that the incident was in the furtherance of the employer's interest and therefore al-

lowed recovery. On appeal a divided commission upheld the findings and decision of the compensation judge and allowed recovery on the theory that the injury occurred in the scope of the employee's employment and in furtherance of the employer's business, in spite of the fact that the employer had refused the employee permission to ride the horse. Thus, both the compensation judge and the commission chose to categorize this case as one in which the employer's prohibition was overcome by the fact that the act through which the injury occurred was in furtherance of the employer's business.

The general rule is that where injury-producing conduct is in violation of a specific instruction or order of the employer, benefits are denied, Rautio v. International Harvester Co. 180 Minn. 400, 231 N. W. 214 (1930), unless contemporaneously with the violation, the employee was performing work in furtherance of his employer's business. Prentice v. Twin City Wholesale Grocery, 202 Minn. 455, 278 N. W. 895 (1938); Olson v. Robinson, Straus & Co. 168 Minn. 114, 210 N. W. 64 (1926). The test utilized by the earlier cases was whether the employee had departed from the work for which he was employed to such an extent that it could not be said to have arisen out of the employment. Olson v. Robinson, Straus & Co. *supra;* Rautio v. International Harvester Co. *supra;* Anderson v. Russell Miller Milling Co. 196 Minn. 358, 267 N. W. 501 (1936).

In Prentice v. Twin City Wholesale Grocery, *supra,* this court held that an injury is compensable even when the employee's act was in violation of orders or directions if the employee was still within the sphere or scope of employment. In determining whether the violation brought the employee outside of the sphere of employment, the distinction was made between the performance of authorized acts in a prohibited manner and the performance of prohibited acts. Prentice v. Twin City Wholesale Grocery, *supra;* Rautio v. International Harvester Co. *supra.*

As stated in Lange v. Minneapolis-St. Paul Metropolitan Airports Comm. 257 Minn. 54, 57, 99 N. W. 2d 915, 918 (1959):

"* * * [I]f the employee is performing work which has been forbidden, as distinguished from doing his work in a forbidden manner, he is not acting in the course of his employment."

In Prentice, the employee "was doing exactly what he was hired to do * * * but in a manner forbidden by his superiors." 202 Minn. 457, 278 N. W. 895. Since the act in itself was in furtherance of the work objective, the manner in which it was accomplished was considered irrelevant and recovery was allowed.

In Anderson v. Russell Miller Milling Co. *supra,* the court denied compensation to an employee who had entered a boiler room in violation of specific orders. This court there stated (196 Minn. 361, 267 N. W. 503):

"The undisputed facts make it plain that even if Mr. Anderson did not appreciate the danger he yet wilfully disobeyed his employer's positive instruction to stay out. Hence he was not in the course of his employment at the time of his asphyxiation. His disobedience was not of a mere instruction concerning the manner of doing his work."

There are definite policy reasons underlying the distinction between a prohibited act and a prohibited manner of accomplishing a legitimate end. A prohibition against accomplishing a task in a certain manner is more frequently disregarded by an employee. In spite of his misfeasance, the employee has the obvious purpose of accomplishing a legitimate goal (and, therefore, is conclusively within the work environment); and, inferentially, the work, in itself, is in furtherance of the employer's business. On the other hand, to hold the employer liable for an injury incurred while performing a prohibited act is to force the employer to become a constant watchdog. No course would be available to the employer to prevent infractions save the firing of an employee doing a prohibited act.

Applying these criteria to the facts of the instant case, we hold that, although the employee's acts might be considered in furtherance of the employer's business, the act of mounting and

riding the horse was specifically prohibited by the employer. Since it was the act, rather than the manner of accomplishing a legitimate goal, which was prohibited, the conduct occurred outside the scope and sphere of employment as a matter of law.

The instant case might be different were there evidence introduced to show that the employer should have reasonably foreseen the employee's disregard of the specific, express order. In such a case, it might be proper to place a heavier burden on the employer to see that the employee did not violate the prohibition. But under the facts of this case, the employer was not on such notice.

This principle was discussed in Walsh v. Chas. Olson & Sons, Inc. 285 Minn. 260, 172 N. W. 2d 745 (1969), where the court considered whether certain activities involving "horseplay" or "assault" were compensable. In so doing, the additional factor of whether "the injury resulted from conduct which [could or] could not be reasonably anticipated by the employer" was applied to the other criteria. 285 Minn. 263, 172 N. W. 2d 748. This reasoning led the court in Walsh to deny benefits where (a) the employee violated an express prohibition, (b) his action did not aid the employer's business, and (c) the injury could not be reasonably anticipated by the employer. Thus, Walsh was distinguished from Cunning v. City of Hopkins, 258 Minn. 306, 103 N. W. 2d 876 (1960), where the court held that an employee would be compensated if the injury resulted from horseplay which was part of the working environment, the hazard of which could be reasonably anticipated by the employer.

The real differentiation between Cunning and Walsh, and, indeed, between Cunning and the instant case, is that although horseplay may be prohibited, such prohibition is general in nature, and it is reasonably foreseeable that violation of the order will occur. On the other hand, where an express prohibition is given to a particular employee by word of mouth a short time before it is disregarded, the employer cannot reasonably anticipate a violation thereof.

We therefore hold that where an employer expressly prohibits the doing of a certain specific act, the disregard of which is not reasonably foreseeable to the employer, a violation thereof takes the employee outside the scope of his employment and injuries resulting therefrom are not compensable even though the act might be considered to be in furtherance of the employer's business.

Since the employer in the instant case had specifically forbidden the employee to ride the horse, and the former was not on notice that the latter would violate or disregard that order, the mounting and riding of the horse constituted a prohibited act which brought the employee outside the scope of his employment as a matter of law. Thus, the injuries resulting from such activity are not compensable.

Reversed.